UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **MELISSA GREEN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DERMACARE USA CORPORATION** (d/b/a DermaConcepts USA Corp.), a Massachusetts corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 0:22-cv-60117<br><br>Judge: Rodney Smith<br><br>Mag. Judge: Alicia O. Valle |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MELISSA GREEN** ("**GREEN**" or "Plaintiff"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 15, and states the following for her Amended Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Florida Civil Rights Act of 1992 (FCRA) and Florida common law for (1) religious discrimination in violation of Title VII, (2) religious discrimination in violation of the FCRA, and (3) unpaid wages.

1

## PARTIES

2. The Plaintiff, **MELISSA GREEN** ("**GREEN**" or "Plaintiff") is an individual and was a resident of Broward County, Florida at all times relevant to this action, and was employed by Defendant, **DERMACARE USA CORPORATION** ("DERMACONCEPTS" OR "Defendant) in Broward County, Florida.

3. Defendant, **DERMACARE USA CORPORATION** is a Massachusetts corporation operating in Broward County, Florida that employed **GREEN**. **DERMACONCEPTS** is an employer under Title VII and the FCRA.

4. At all material times, **DERMACONCEPTS** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **GREEN**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, which is within the Southern District of Florida. Venue is proper in the Ft. Lauderdale Division since Broward County is within the Fort Lauderdale Division.

8. **GREEN** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 21, 2021 and this action was filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue appears at Doc. 1-1).

**GENERAL ALLEGATIONS**

9. **GREEN** began her employment with **DERMACONCEPTS** on or about June 3, 2019, and was employed as a business development manager.

10. **GREEN** always performed her assigned duties in a professional manner and was very well qualified for her position.

11. **GREEN**, by virtue of her religion (Christian - Protestant), is a member of a protected class.

12. **GREEN** always met and exceeded **DERMACONCEPTS'** performance and productivity goals.

13. However, **GREEN** is a practicing Protestant whereas **DERMACONCEPTS'** ownership and decision makers relevant to **GREEN** were Jewish.

14. **GREEN**'s religion became learned by **DERMACONCEPTS** and **DERMACONCEPTS** began to discriminate against her based upon her religion.

15. Specifically, **DERMACONCEPTS** removed many of **GREEN**'s lucrative sales accounts and assigned them to a similarly situated Jewish employee (Candace Noonan), the result of which was a slashing of **GREEN**'s pay.

3

16. This was notwithstanding the fact that **GREEN**'s production was tops in the company.

17. **DERMACONCEPTS** allowed the Jewish account managers to have special privileges and promotions, and they were not expected to follow the rules that other non-Jewish account managers are expected to follow. For example, both Jennifer Brouse (New York account manager), Carrie Dodson (Virginia/Maryland/Pennsylvania account manager) are Jewish and were allowed to offer special incentives, promotions, contests, trips etc. to their accounts and prospects which substantially boosted their sales numbers. Additionally, their accounts did not have to comply with the company's guidelines for online selling, and Jewish sales people were allowed to sell to non-medical businesses and non-Jewish sales persons were instructed to target medical practices. **GREEN** and Christian employees such as Nealy Skeldon, Bobby Calhoun and Lisa Christensen were not afforded this more favorable treatment.

18. As **DERMACONCEPTS'** sales slumped across all of its territories in the wake of the COVID-19 pandemic, **GREEN** was targeted for termination based upon her religion, which was a motivating factor in her termination.

19. While similarly situated Jewish employees suffered as much as a 40% drop in their sales, **GREEN** did not, and yet she was terminated under the auspices of having "poor sales numbers."

20. **DERMACONCEPTS** terminated **GREEN** on December 1, 2020.

21. **DERMACONCEPTS**'s decision to terminate **GREEN**'s employment was predetermined and predicated on her religion.

22. **DERMACONCEPTS** has violated Title VII and the FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RELIGIOUS DISCRIMINATION

23. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24. **GREEN** is a Protestant and as such, is a member of a protected class.

25. At all material times, **GREEN** was an employee and **DERMACONCEPTS** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

26. **GREEN** was, and is, qualified for the positions that she held with **DERMACONCEPTS**.

27. **GREEN** has endured disparate treatment while employed with **DERMACONCEPTS**, thereby altering the terms and conditions of her employment.

28. The acts, failures to act, practices and policies of **DERMACONCEPTS** set forth above constitute intentional discrimination on the basis of **GREEN**'s religion in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

29. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **GREEN** has lost benefits and privileges of

her employment and has been substantially and significantly injured in her career path.

30. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

31. As a direct and proximate result of **DERMACONCEPTS**'s actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

32. **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all religious discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Punitive damages;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

### **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, RELIGIOUS DISCRIMINATION**

33. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

34. **GREEN** is a Protestant and as such, is a member of a protected class.

35. At all material times, **GREEN** was an employee and **DERMACONCEPTS** was her employer covered by and within the meaning of the FCRA.

36. **GREEN** was, and is, qualified for the positions that she held with **DERMACONCEPTS**.

37. **GREEN** has endured disparate treatment while employed with **DERMACONCEPTS**, thereby altering the terms and conditions of her employment.

38. The acts, failures to act, practices and policies of **DERMACONCEPTS** set forth above constitute intentional discrimination on the basis of **GREEN**'s religion in violation of the FCRA.

39. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **GREEN** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

40. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GREEN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

41. As a direct and proximate result of **DERMACONCEPTS**'s actions, **GREEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

42. **GREEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all religious discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Punitive damages;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

### COUNT III: COMMON LAW UNPAID WAGE CLAIM

43. Plaintiff hereby incorporates Paragraphs 1-7 and 9-10 in this Count as though fully set forth herein.

44. **GREEN** was an employee of **DERMACONCEPTS**.

45. **DERMACONCEPTS** was required to compensate **GREEN** at her regular rate of pay for all periods she worked.

46. During the COVID-19 pandemic in 2020, **DERMACONCEPTS** "furloughed" **GREEN** and did not pay **GREEN** any wages during that 5-week period.

47. However, **GREEN** actually worked during that 5-week period but was not paid for such work.

48. **DERMACONCEPTS** had operational control over all aspects of **GREEN**'s day-to-day functions during her employment, including compensation.

49. **DERMACONCEPTS** failed to pay **GREEN** all of her wages.

50. **DERMACONCEPTS** has willfully violated Florida law by refusing to pay **GREEN** all of her wages.

51. As a result of the foregoing, **GREEN** has suffered damages of lost wages.

52. **DERMACONCEPTS** is the proximate cause of **GREEN**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MELISSA GREEN**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 8, 2022  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak